UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HAKEEM PELUMI :
:
v. : C.A. No. 11-169ML
:
ROBERT GENTILE, individually and in :
his capacity as Human Resources Manager :
of Gateway Healthcare, and MICHAEL :
BRAET, individually and in his capacity :
as Human Resources Officer of Gateway :
Healthcare :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff Hakeem Pelumi commenced this lawsuit on April 20, 2011. (Document No. 1). He is proceeding pro se and has been allowed to proceed in forma pauperis. He sues Mr. Robert Gentile and Mr. Michael Braet individually and in their official capacities as employees of Gateway Healthcare in its Human Resources Department. Defendants have responded to Plaintiff's Complaint with a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. (Document No. 9). This Motion has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). Hearings were held on August 30, 2011 and September 15, 2011. For the reasons that follow, I recommend that Defendants' Motion to Dismiss be GRANTED in limited part and otherwise DENIED.

**Discussion**

In order for this Court to have subject-matter jurisdiction, there must be either (1) diversity of citizenship between the parties as defined in 28 U.S.C. § 1332; or (2) the presence of a federal question, i.e., a claim arising under federal law as defined in 28 U.S.C. § 1331. Here, Defendants

first argue that, since all parties to this case reside in Rhode Island, there is no diversity jurisdiction under 28 U.S.C. § 1332.  In addition, Defendants argue that there is no federal question jurisdiction because Plaintiff brings only state common law claims against them.

Because Plaintiff is a pro se litigant, the Court must liberally review his allegations and afford some deference to his lack of legal training.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Applying this liberal standard of review, I find that Plaintiff's Complaint adequately states a federal question.  In particular, I construe Plaintiff's Complaint to state a race discrimination claim against his former employer, Gateway Healthcare, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

In his Complaint, Plaintiff identifies his race as "black African American," specifically references "Title VII of Civil Rights Act of 1964," and asserts that he was "wrongfully terminated" from his employment with Gateway Healthcare.  (Document No. 1, ¶¶ 1, 4 and 7).  At the hearing, Plaintiff made clear that his intent in this case is to sue his former employer under Title VII.  In the Civil Cover Sheet to his Complaint, he checked the box "federal question" as the basis for jurisdiction, cited the "Civil Rights Act of 1964" as the federal statute under which he was filing, and described the claim as "Wrongful Termination – Employment."  (Document No. 1-2).  It is undisputed that Plaintiff filed an administrative charge of race discrimination under Title VII with the U.S. Equal Employment Opportunity Commission ("EEOC") against Gateway Healthcare alleging race discrimination, and received a "Right to Sue" notice dated January 26, 2011 from the EEOC.  (Document Nos. 9-2 and 9-3).  His Complaint also includes a claim of "[v]icarious liability against Gateway Healthcare."  (Document No. 1, ¶ 4 of Prayer for Relief).

Although Plaintiff did not specifically name Gateway Healthcare as the Defendant in this

case, he explained at the hearing that he sued both Mr. Gentile and Mr. Braet in their official capacities as employees of Gateway Healthcare which he asserted was the same as suing Gateway. Plaintiff is correct. In Rios-Colon v. Toledo-Davila, 641 F.3d 1, 4 (1st Cir. 2011), the First Circuit recently held that "a Title VII claim brought against a supervisory employee in his official capacity as an agent of the employer operates as a claim against the employer." Thus, the First Circuit concluded that the plaintiff's failure to name his employer as a defendant did not justify dismissal of a Title VII claim where the complaint named the plaintiff's supervisors as defendants "in their official capacities." Id. In addition, both Mr. Gentile and Mr. Braet were personally served at offices of Gateway in Pawtucket (Document Nos. 4 and 5) and the attorney who represented Gateway before the EEOC is also representing the Defendants in this case. Such service on them in their official capacities suffices as service on Gateway under Fed. R. Civ. P. 4(h). Thus, Gateway has been properly served and on notice of this lawsuit and involved since its onset. Gateway has not been prejudiced by the pro se Plaintiff's inartful pleading.

Here, since Plaintiff names two Gateway Managers as Defendants in their official capacities and has sufficiently stated a Title VII claim, this Court has subject matter jurisdiction over Plaintiff's pro se Complaint under 28 U.S.C. § 1331 (federal question). Thus, I recommend that Defendants' Motion to Dismiss on those grounds be DENIED. However, further discussion and refinement of this pro se cause of action is warranted.

As noted, Plaintiff also sues both Mr. Gentile and Mr. Braet in their individual capacities. I recommend that those claims be DISMISSED for several reasons. First, Plaintiff did not file administrative discrimination charges against either Mr. Gentile or Mr. Braet in their individual capacities and thus he has failed to exhaust his administrative remedies as to them. Title VII

provides an avenue of relief to individuals claiming racially motivated employment discrimination but "[j]udicial recourse under Title VII...is not a remedy of first resort." Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003). Before filing suit in Federal Court against an individual or entity under Title VII, the aggrieved party must first exhaust his administrative remedies by filing an EEOC discrimination charge, and failure to do so "bars the courthouse door." Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). Since Plaintiff has not shown that he filed charges against either Mr. Gentile or Mr. Braet individually, he has failed to exhaust his remedies under Title VII as to them and cannot presently pursue claims under Title VII against them in this Court.[1] Thus, I recommend that Plaintiff's Title VII claims against Mr. Gentile and Mr. Braet individually should be DISMISSED.

Plaintiff brings no other federal claims and thus there is no federal question jurisdiction as to Mr. Gentile or Mr. Braet individually. While Plaintiff brings several other state law claims, he has not shown the existence of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges in his Complaint that both he and Mr. Braet are Rhode Island residents. (Document No. 1, ¶¶ 1 and 3). In addition, in a related state court suit, Plaintiff alleges that Gateway Healthcare is "a Rhode Island professional corporation." There is not complete diversity and thus no basis alleged for diversity jurisdiction.[2] Although there is no diversity jurisdiction, there is the potential for supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(a), 28 U.S.C., provides in relevant part as

---

[1] Even if Plaintiff had exhausted his administrative remedies as to Mr. Gentile and Mr. Braet, his Title VII claims against them individually would fail since the First Circuit has held in Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009), that "there is no individual employee liability under Title VII."

[2] While Plaintiff alleges that Mr. Gentile is a Massachusetts resident (Document No. 1, ¶ 2), Mr. Gentile has rebutted that by Affidavit in which he swears under penalty of perjury that he is a Rhode Island resident. (Document No. 17, ¶ 3). However, even assuming Plaintiff's allegation as to Mr. Gentile's residency is correct, there would still not be complete diversity.

follows:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Title III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Here, Plaintiff's state common law claims against Mr. Gentile and Mr. Braet arise out of the same facts as his Title VII claim against Gateway. Thus, the Court could exercise supplemental or "pendent party" jurisdiction over those state law claims even in the absence of diversity. However, under 28 U.S.C. § 1367(c)(4), I recommend that the Court decline to exercise such jurisdiction because Plaintiff is currently pursuing a nearly identical lawsuit in state Superior Court against Mr. Gentile and Mr. Braet individually asserting nearly identical state common law claims. See Pelumi v. Gentile and Braet, Case No. PC11-2221. As such, it would not further the purposes of supplemental jurisdiction, i.e., judicial efficiency and the avoidance of piecemeal litigation, to permit Plaintiff to pursue the same claims against the same parties in two different courts at the same time. See Kent County Mem. Hosp. v. Balasco, C.A. No. 89-0075B, 1990 WL 17157 at *5 (D.R.I. Feb. 13, 1990) ("This Court has previously held that in situations...where the plaintiff has filed parallel state and federal proceedings, the federal court may decline to exercise jurisdiction over the claims and dismiss the action"); and DeVona v. City of Providence, 652 F. Supp. 683 (D.R.I. 1987) (same). Accordingly, I recommend that Plaintiff's state law claims against Mr. Gentile and Mr. Braet be DISMISSED.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Document

No. 9) be GRANTED in limited part and otherwise DENIED. In particular, I recommend that this case be allowed to proceed against Gateway Healthcare under Title VII and as to any related state claims brought by Plaintiff against Gateway under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a). However, I recommend that the case be DISMISSED in its entirety as to Mr. Gentile and Mr. Braet in their individual capacities. Finally, I recommend that Plaintiff be ORDERED to file an Amended Complaint against Gateway Healthcare consistent with the findings in this Report and Recommendation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 20, 2011