UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HAKEEM PELUMI :
:
v. : C.A. No. 11-169ML
:
GATEWAY HEALTHCARE :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff Hakeem Pelumi commenced this lawsuit on April 20, 2011. (Document No. 1). He is proceeding pro se and has been granted in forma pauperis status. On October 17, 2011, Chief Judge Lisi issued an Order which dismissed Plaintiff's lawsuit solely as to Robert Gentile and Michael Braet in their individual capacities and required Plaintiff to file an Amended Complaint. (Document Nos. 18, 21). Pursuant to this Order, Plaintiff filed an Amended Complaint against Gateway Healthcare and Messrs. Gentile and Braet in their official capacities. (Document No. 22). Defendants have responded to the Amended Complaint with a Second Motion to Dismiss. (Document No. 23). This Motion has been referred to me for preliminary review, findings and recommended disposition. (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)). A hearing was held on December 28, 2011. For the reasons that follow, I recommend that Defendants' Motion to Dismiss be GRANTED in limited part and otherwise DENIED.

**Discussion**

Defendants first argue that Plaintiff ignored the Court's October 17, 2011 Order by naming Mr. Braet and Mr. Gentile as Defendants in his Amended Complaint. In the Order, Chief Judge Lisi dismissed this case as to Mr. Gentile and Mr. Braet solely in their individual capacities. (Document

No. 21). She also adopted my Report and Recommendation which concluded that Plaintiff's claims against Mr. Gentile and Mr. Braet in their official capacities as employees of Gateway Healthcare was the equivalent of suing Gateway Healthcare itself. (Document No. 18 at pp. 2-3) (citing Rios-Colon v. Toledo-Davila, 641 F.3d 1, 4 (1st Cir. 2011)). Plaintiff's Amended Complaint does not sue either Mr. Gentile or Mr. Braet personally and specifies that they are sued in their official capacities as employees of Gateway Healthcare. Thus, Plaintiff's Amended Complaint is not in violation of any Order of this Court. While Plaintiff identifies Mr. Gentile and Mr. Braet as separate "official capacity" Defendants, I again recommend that the District Court construe his Amended Complaint as brought solely against Gateway Healthcare.

Defendants next argue that this Court declined to exercise supplemental jurisdiction over Plaintiff's state common law claims against Gateway Healthcare and that they should be dismissed. Defendants misinterpret this Court's prior Order. In the adopted Report and Recommendation, I recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Mr. Gentile and Mr. Braet in their individual capacities, and recommended that "this case be allowed to proceed against Gateway Healthcare under Title VII and as to any related state claims brought by Plaintiff against Gateway under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a)." (Document No. 18 at p. 6). Again, Plaintiff's Amended Complaint does not violate any Order of this Court. It includes a Title VII claim against Gateway under this Court's federal question jurisdiction (28 U.S.C. § 1331) and various related state common law claims against Gateway under this Court's supplemental jurisdiction (28 U.S.C. § 1367(a)).

Defendants next argue that Count I of the Amended Complaint, a state law claim for intentional infliction of emotional distress, is barred by the exclusivity provision of Rhode Island's

Workers' Compensation Act ("WCA"). Section 28-29-20, R.I. Gen. Laws, provides that the remedy under the WCA for work-related injuries is "in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees." In his Amended Complaint, Plaintiff alleges that Gateway, "by and through, it's [sic] Supervisory employees Robert Gentile and Mike Braet actions in writing and publishing the termination letter at Tri-Hab in the area of Plaintiff's residence constitute intentional and/or reckless conduct, that inflicted serious emotional distress on Plaintiff or would be substantially certain to result in serious emotional distress on Plaintiff." (Document No. 22, Count 1). However, this claim is barred because, as noted, the WCA provides the exclusive remedy for employees who have suffered injuries, including intentional infliction of emotional distress, in connection with their employment. See Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 582 (D.R.I. 1996) ("the WCA provides the exclusive remedy for claims against employers by employees who have suffered intentional infliction of emotional distress in the workplace"); see also id. at 581-582 ("The scope and breadth of the WCA is not to be underestimated; the Act establishes a statutory scheme whereby a employee will be provided with swift, though limited, relief for all injuries suffered on the job. However, the right to no-fault compensation from one's employer is afforded in lieu of all other rights and remedies that an injured employee might have[.]'") (quoting DiQuinzio v. Panciera Lease Co., Inc., 612 A.2d 40, 42 (R.I. 1992)) (alteration in original). The Court reaches this conclusion because there is nothing in the record to suggest that Plaintiff was not covered by the WCA while employed by Gateway, and it is clear that his claimed injury was related to the workplace. Cf. id. at 582 (stating that to defeat dismissal of claim for intentional infliction of emotional distress plaintiff "must show either that she is not subject to the WCA, or that the emotional distress she

suffered was unrelated to the workplace"). Further, Plaintiff does not allege in Count 1 that Gateway, or its agents, harmed him in any capacity other than as his employer.

To the extent that Plaintiff contends that at least some of the intentional infliction of emotional distress about which he complains is the result of his termination and that he was not employed by Gateway at that time and, thus, not covered by the WCA, such contention is rejected. In <u>Censullo v. Brenka Video, Inc.</u>, 989 F.2d 40 (1st Cir. 1993), the First Circuit held that an exclusivity provision in the New Hampshire Workers' Compensation Act (which is parallel to the exclusivity provision of the Rhode Island WCA) barred the employee's claim for emotional distress arising out of his discharge. <u>See</u> <u>id.</u> at 43 ("The district court correctly found that the workmen's compensation statute bars employees from suing their employers for personal injuries arising out of the employment relationship.").

Accordingly, because the WCA provides the exclusive remedy for a claim of intentional infliction of emotional distress, this cause of action is barred by state law. Accordingly, I recommend that Defendants' Motion to Dismiss Count I be GRANTED.

Finally, Defendants argue that Plaintiff's Title VII claim is insufficiently pled. Although Plaintiff's <u>pro se</u> pleadings are somewhat conclusory and not the model of clarity, he sufficiently pleads a Title VII claim against Gateway that he was "terminated because of his race." (Document No. 22, ¶ 7). In the exhibits to his Opposition to Defendant's Motion to Dismiss, Plaintiff alleges that he was "fired...for a false allegation [of sexual harassment] with out [sic] a fair and proper investigation" and that "[t]he whole process was planned and executed between the two men who unfairly and discriminatingly [sic] decided the allegations are true and therefore [he] should be terminated." (Document No. 25-2 at p. 2). Also, in an Affidavit, Plaintiff asserts that Gateway

"overlooked" a white co-worker's violation of its policies. Id. at p. 8. Although Plaintiff has sufficiently alleged pretext and disparate treatment to withstand a Rule 12(b)(6) challenge, the Court offers no opinion as to whether there is sufficient evidence to ultimately make these allegations trialworthy.[1]

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Document No. 23) be GRANTED as to Count I and otherwise DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 3, 2012

---

[1] From Plaintiff's submissions, it appears that both the Rhode Island Commission for Human Rights and the E.E.O.C. found no probable cause of discrimination following their reviews of Plaintiff's discrimination charge. (Document No. 25-1 at pp. 9-13).